11 CV 1025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
FEB 15 2011
U.S.D.C. S.D. N.Y.
COMPLETED

| | |
|---|---|
| EVELYN NORMAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) No. |
| v. | ) |
|  | ) |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., and | ) |
| COHEN & SLAMOWITZ, LLP, | ) COMPLAINT |
|  | ) |
| Defendants. | ) JURY DEMANDED |

### Complaint for Violations of the
### Fair Debt Collection Practices Act

1.     Plaintiff Evelyn Norman files this Complaint against Defendants,

Portfolio Recovery Associates, L.L.C., and Cohen & Slamowitz, LLP, for their

violations of the Fair Debt Collection Practices Act (FDCPA) § 1692, *et seq.*

### *Parties*

2.     Plaintiff Evelyn Norman resides within this district.

3.     Norman resides within the City of New York, more particularly, within

New York County.

4.     Norman is a "consumer," as that term is defined by § 1692a(3) of the

FDCPA in that the alleged debt the Defendants sought to collect from her is a

consumer debt, purportedly owed to Portfolio Recovery Associates, L.L.C. (Portfolio),

as alleged assignee of Washington Mutual Bank.

5.     Defendant Portfolio has offices located at Riverside Commerce Center,

120 Corporate Boulevard, Norfolk, VA 23502.

1

6.     Defendant Cohen & Slamowitz, LLP (C&S), has offices at 199 Crossways Park Drive, Woodbury, NY 11797.

7.     Portfolio is regularly engaged, for profit, in the collection of debts allegedly owed by consumers, which it purchases after these debts have gone into default.

8.     Portfolio is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

9.     Portfolio is a purchaser of defaulted debt.

10.    Portfolio claims to have purchased defaulted debt allegedly owed by Norman.

11.    C&S is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.    C&S is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

### Jurisdiction & Venue

13.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14.    Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

15.    This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

17.     Venue is also proper in this district since all Defendants can be found, have agents, and transact business in this district.

*Factual Allegations*

18.     Sometime in August 2009, on a date better known by Defendants, Portfolio hired C&S to collect an alleged consumer debt from Plaintiff Norman.

19.     Portfolio directed or authorized C&S to collect the alleged consumer debt by telephone and mail, and by filing litigation in the New York City Civil Courts.

20.     On September 28, 2009, Portfolio and C&S attempted to collect an alleged debt from Plaintiff by filing a summons and complaint with the Civil Court of the City of New York, County of New York, Index No. 45325/2009.

21.     Shortly thereafter, C&S caused service of the summons and complaint to be made on Plaintiff.

22.     On November 18, 2009, Norman, through her attorneys, answered the Complaint, denying owing any money to Portfolio and asserting various affirmative defenses, including lack of privity, lack of contractual relationship, and lack of legal capacity or standing.

23.     Shortly thereafter, Norman, through her attorneys, served discovery demands on Portfolio's attorneys, C&S.

24. Neither Portfolio nor C&S answered the discovery demands.

25. By Notice of Motion, dated March 3, 2010, Norman moved to dismiss or in the alternative for summary judgment, on the grounds that Portfolio lacked standing to bring the collection action.

26. C&S opposed the motion on Portfolio's behalf.

27. Norman, through her attorneys, served a reply memorandum on C&S.

28. On the motion return date, April 15, 2010, Norman's attorneys and C&S appeared in the Civil Court, New York County to argue the motion.

29. That same day, April 15, 2010, the Civil Court of the City of New York, County of New York, issued a Decision/Order granting summary judgment to Norman and dismissing the complaint with prejudice.

30. In so holding, the Court found as follows:

> The motion is granted. Defendant has submitted evidence in admissible form that she owes no debt to plaintiff. Plaintiff responds with no evidence tending to show it owns a debt against defendant. There is no issue of triable fact.
>
> The complaint is dismissed with prejudice. The clerk shall enter judgment accordingly. This constitutes the decision and order of the court.

31. On April 15, 2010, through her attorneys, Norman served a copy of the Decision/Order on C&S with Notice of Entry.

32. Norman's attorneys caused the original Notice of Entry, with proof of service, to be filed with the Civil Court on April 19, 2010.

33.    A true and correct copy of the Notice of Entry with proof of service and "FILED" stamp from the Court, showing filing on April 19, 2010, is attached as Exhibit A.

34.    On or about May 21, 2010, Portfolio wrote a letter to Norman attempting to collect a "BALANCE" of $6,676.22.  A copy of the letter is attached as Exhibit B.

35.    Portfolio wrote the letter directly to Norman, even though Defendants knew – from, *inter alia*, Norman's answer to the Civil Court complaint, from various motion papers, from a court appearance, and from service of the Decision/Order dismissing the complaint with prejudice – that Norman was represented by counsel and that the Court had determined that, as a matter of law, Norman did not owe any money to Portfolio.

36.    Moreover, even though Defendants were on notice since at least November 2009 that Norman was disputing the alleged debt to Portfolio, during the period from February through April 2009, Portfolio re-reported the alleged debt to all three major credit-reporting agencies: Experian, Equifax, and Trans-Union.

37.    In reporting this information to the credit-reporting agencies, Portfolio failed to even note that the debt was disputed.

<u>COUNT I</u>
*Violations of the Fair Debt Collection Practices Act*

*Violations of Sections 1692e, e(2), e(5), e(8), e(10), and f*
*of the Fair Debt Collection Practices Act*

38.    Norman restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

39.    Section 1692e of the FDCPA provides, in relevant part:

*"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."*

40.    Section 1692e(2) of the FDCPA provides, in relevant part:

*A debt collector may not falsely represent "the character, amount, or legal status of any debt...."*

41.    Section 1692e(5) of the FDCPA prohibits:

*"The threat to take any action that cannot legally be taken or that is not intended to be taken."*

42.    Section 1692e(8) of the FDCPA prohibits:

*"Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."*

43.    Section 1692e(10) of the FDCPA prohibits:

*"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

44.    Section 1692f of the FDCPA provides, in relevant part:

*"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."*

6

45.     By having Portfolio send its letter dated May 21, 2010, <u>Exhibit B</u>,

Defendants violated § 1692e, e(2), e(5), e(10), and f by unfairly and unconscionably

misrepresenting that Norman owed money to Portfolio, when in fact, the Court had

dismissed the case brought by Defendants against Norman more than a month

earlier, on April 15, 2010.

46.     Defendants also violated § 1692e(8), by having Portfolio re-report the

debt it was trying to collect from Norman, after Norman had disputed the debt in

her Court papers, without noting that the alleged debt was disputed.

47.     In addition, Defendant C&S violated § 1692e(8), by failing to inform

Portfolio that Norman disputed the alleged debt.

48.     Moreover, Defendant C&S violated §§ 1692e, e(2), e(5), e(8), e(10), and

f by failing to inform Portfolio that the case against Norman had been dismissed

with prejudice.

### *Violations of Sections 1692c of the Fair Debt Collection Practices Act*

49. Section 1692c(a) of the FDCPA provides in relevant part as follows:

> *(a)     **Communication with the consumer generally –**
> Without the prior consent of the consumer given directly to the
> debt collector or the express permission of a court of competent
> jurisdiction, a debt collector may not communicate with a
> consumer in connection with the collection of any debt—*
>
> *             *        *
>
> *(2)     if the debt collector knows the consumer is
> represented by an attorney with respect to such debt and has
> knowledge of, or can readily ascertain, such attorney's name and
> address, unless the attorney fails to respond within a reasonable
> period of time to a communication from the debt collector or*

*unless the attorney consents to direct communication with the consumer....*

50. Defendants violated Section 1692c(a) of the FDCPA by Portfolio's sending <u>Exhibit B</u> directly to Norman when Defendants had actual knowledge that attorneys represent Norman with respect to the alleged debt.

51.    Defendants violated Section 1692c(a) of the FDCPA by contacting Norman directly when Defendants had actual knowledge that attorneys represent Norman with respect to the debt.

52.    Defendants are liable to Norman for their violations of § 1692c of the FDCPA.

WHEREFORE, Plaintiff Norman asks that this Court enter judgment in her favor against Defendants Portfolio Recovery Associates, L.L.C. and Cohen & Slamowitz, LLP as follows:

  A. A declaratory judgment that Defendant's conduct violated the FDCPA;

  B. Statutory damages as provided by Section 1692k of the FDCPA;

  C. Attorneys' fees, litigation expenses, and costs; and

  D. Such other and further relief as the Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Dated:      New York, New York
            February 7, 2011

                              RESPECTFULLY SUBMITTED,

                              BROMBERG LAW OFFICE, P.C.

                        By: _____
                              Brian L. Bromberg
                              One of Plaintiff's attorneys

<u>Attorneys for Plaintiff:</u>
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

9

# Exhibit A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

---

PORTFOLIO RECOVERY ASSOCIATES, LLC

                                     Plaintiff

-against-

EVELYN NORMAN,

                                     Defendant

Index No: 45325/2009

Notice of Entry

---

        PLEASE TAKE NOTICE, that the within is a true copy of a Decision and Order duly entered in the within named court on April 15, 2010.

Dated:      April 15, 2010
             New York, New York

                                    Respectfully submitted,

                                      Bromberg Law Office, P.C.

                                      Peter T. Lane
                                      Attorney for Defendant
                                      40 Exchange Place, Suite 2010
                                      New York, NY 10005
                                      Tel: (212) 248-7906

To:    Carol Van Houten, Esq.
       Law Offices of Cohen & Slamowitz, LLP
       199 Crossways Park Drive
       PO Box 9004
       Woodbury, NY 11797-9004
       Fax (516) 908-7993

FILED
APR 1 9 2010
NEW YORK COUNTY
CIVIL COURT

**Civil Court of the City of New York**

County of New York

Part 61

Index Number 45325/09

Motion Cal. # _____   Motion Seq. # _____

Pathfis Recovery
Assocs. LLC

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Evelyn Norman

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed.......... | 1 |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ................................. | 2 |
| Replying Affidavits................................... | 3 |
| Exhibits ................................................ | |
| Other..................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion for summary

judgment by defendant                                                    is as follows:

The motion is granted. Defendant
has unrebutted evidence is admissible form
that she owes no debt to plaintiff.
Plaintiff responds with no evidence
tending to show it owns a debt
against defendant. There is no
issue of triable fact.

The complaint is dismissed with
prejudice. The clerk shall enter judgment
accordingly. This constitutes the
decision and order of the court.

4/15/10
Date

APR 15 2010

_____
Judge, Civil Court

HON. PETER H. MOULTON
JUDGE, CIVIL COURT

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

---

PORTFOLIO RECOVERY ASSOCIATES, LLC

                          Plaintiff,          Index No: 45325/2009

-against-
                                              Affirmation of Service of
EVELYN NORMAN,                                Notice of Entry

                          Defendant.

---

    I, PETER T. LANE, an attorney duly licensed to practice law in the State of New York, affirm the following under penalty of perjury:

    1.    I am the attorney of record for the Defendant in the above-captioned action, and have an office address at Bromberg Law Office, P.C., 40 Exchange Place, Suite 2010, New York, NY 10005.

    2.    On April 15, 2010, I served the accompanying Decision and Order with Notice of Entry, by faxing a copy and mailing a copy by regular first-class mail to each of the following persons at the last known address and fax number set forth after each name below:

    Carol Van Houten, Esq.
    Law Offices of Cohen & Slamowitz, LLP
    199 Crossways Park Drive
    PO Box 9004
    Woodbury, NY 11797-9004
    Fax (516) 908-7993

Dated:    April 15, 2010
          New York, New York

                                         Peter T. Lane

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Index No: 45325/2009

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Plaintiff

-against-

EVELYN NORMAN,

        Defendant.

---

Notice of Entry with Decision and Order

---

Bromberg Law Office, P.C.
Attorney for Plaintiff
40 Exchange Place, Suite 2010
New York, New York 10005
(212) 248-7906

---

Signature (Rule 130-1.1a)

Peter T. Lane

# Exhibit B

06/07/2010  22:03   718-589-7284                    PS 50                        PAGE  02/02

 Portfolio Recovery Associates, LLC.
We're giving debt collection a good name.

May 21, 2010

**WASHINGTON MUTUAL BANK**
**PROVIDIAN NATIONAL BANK**
PRA Account/Reference No: ███████████
*BALANCE: $6,676.22

### *Spring Forward!!*

The time has changed, and it's time for you to make a change. We are helping with this change by offering you some deep discounts on your account.
Take advantage of one of our spring settlement plans listed below and make a change today!

| Lump Sum Settlement Payment Plan | 3 Month Settlement Plan | 12 Month Settlement Plan |
|---|---|---|
| • Save *$2,006.22* off the balance<br>• Pay us *$4,670.00* | • Save *$1,636.22* off the balance<br>• Pay over 3 equal monthly installments of *$1,680.00* | • Save *$1,636.22* off the balance<br>• Pay over 12 equal monthly installments of *$420.00* |

○ Your first payment is due no later than 06/18/2010
○ Your account will be considered "Settled in Full" after we post your final payment
○ If you satisfy the terms of this offer, no further interest will be charged to you.

**Call today to set up payment arrangements and get started on your plan today!**

| Mail: ✉ | Call: ☎ | Online: 🖥 |
|---|---|---|
| Mail all checks and payments to:<br><br>Portfolio Recovery Associates, LLC<br>P.O. Box 12914<br>Norfolk, VA 23541 | Call toll-free at **1-800-772-1413** to discuss payment arrangements with Cynthia R Wood-Joynes.<br>Let us prove how committed we are to working with you! | Pay us online at:<br>www.portfoliorecovery.com. |

*We are not obligated to renew this offer. Interest continues to accrue on this account and will accrue until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.

**Hours of Operation** (EST) 730 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.

**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**Disputes Correspondence Address:** 140 Corporate Boulevard, Norfolk, VA 23502 or E-mail: PRA_Disputes@portfoliorecovery.com

**Credit Card Payments** - Third party vendors may charge a transaction fee for processing payments made by credit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**PRIVACY NOTICE**

We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.